**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

IN RE:
    Paul F. Hansmeier                              Chapter 7
                                                       Case No. 1-18-13643-cjf
                  Debtor.

---

Paul F. Hansmeier
720 Roberts St
Altoona, WI 54720
                  Plaintiff/Debtor,
vs.                                           Adversary Case No._____

Cavalry SPV I, LLC
500 Summit Lake Dr, Ste 400
Valhalla, NY 10595

                  Defendant/Creditor.

---

## COMPLAINT

---

    **NOW COMES** debtor Paul F. Hansmeier (hereinafter "Plaintiff"), by his attorney John P. Bjork, who states to the Court and alleges their Complaint as follows:

1. Jurisdiction is conferred upon the Court in this matter by 28 U.S.C. §§ 157 and 1334.

2. This is a core bankruptcy proceeding pursuant to Bankruptcy Rule 7001(1) in that it is an action to recover funds belonging to the Plaintiff.

3. Cavalry SPV I, LLC (hereinafter "Defendant"), on information and belief, is a foreign LLC, and doing business in the Western District of Wisconsin, with an address of 500 Summit Lake Dr, Ste 400, Valhalla, NY 10595.

4. Upon information and belief, Defendant's registered agent is CT Corporation System, whose address is 8020 Excelsior Dr, Ste 200, Madison, WI 53717.

5. Upon information and belief, Defendant was represented by attorney Keith Scott Shindler, whose address is Shindler & Joyce, 1990 E. Algonquin Rd, Ste 180, Schaumburg, IL 60173, during the preferential transfers that are the subject of this Adversary.

6. Plaintiff has a mailing address of 720 Roberts St, Altoona, WI 54720.

7. The lead Chapter 7 bankruptcy case, 1-18-13643-cjf, was filed on October 30, 2018 (hereinafter referred to as "Petition Date").

8. Upon information and belief, Plaintiff made involuntary payments totaling more than $600.00, through a court ordered garnishment, to Defendant in the 90-day period prior to the Petition Date.

9. It appears this payment was:

    a. A transfer to or for the benefit of a creditor;

    b. Upon information and belief, for or on account of an antecedent debt owed by the Plaintiff before the transfer was made;

    c. Made while the Plaintiff was insolvent;

    d. Upon information and belief, made within 90 days prior to the filing of the bankruptcy petition herein; and

    e. Which said payment enabled the Defendant to receive more than it would have received under a Chapter 7 case, if the transfer had not been made, and if Defendant had received payment only to the extent provided by the other distribution provisions of the U.S. Bankruptcy Code.

10. Parrish J. Jones, Esq. was appointed to this matter as Chapter 7 Trustee. As of the time of this adversary filing, Trustee Jones has not moved to avoid the above described transfer.

11. Plaintiff, as debtor in the Chapter 7 case, under 11 U.S.C. § 522(h) has the power to exercise the Trustee's avoidance powers under 11 U.S.C. § 547(b).

12. Plaintiff has scheduled and exempted the garnished funds transferred to Defendant in the Chapter 7 bankruptcy case.

13. Therefore, such transfer constitutes an avoidable preference under 11 U.S.C. § 547(b) and the Defendant should be ordered and directed to turn the same over to Plaintiff.

14. Plaintiff has requested a voluntary return of these transferred funds on multiple occasions. Defendant has failed return the funds as requested.

WHEREFORE, Plaintiff respectfully requests the Court enter an Order and Judgment as follows:

A. Finding that the Court has due and appropriate jurisdiction of the matter at issue herein;

B. Finding that due and appropriate service of the Summons and Complaint herein has been made;

C. Finding that the involuntary transfer by the Plaintiff to Defendant, totaling more than $600 was a preferential transfer as defined under 11 U.S.C. § 547(b);

D. Authorizing and confirming the Plaintiff's avoidance of said transfer, thereby requiring said Defendant to pay the amounts garnished by Defendant within 90 days prior to the Petition date to Plaintiff, plus statutory interest from the Petition Date.

E. For attorney fees and sanctions of $8,000.00 for failure to voluntarily return the preferential transfer as requested by Plaintiff prior to filing this Adversary proceeding.

F. For such other and further relief as the Court in its discretion deems equitable and just under the circumstances.

Dated February 6, 2019.

BJORK LAW OFFICE

*/s/ John P. Bjork*

---

John P. Bjork
Attorney for Plaintiff/Debtor
Wisconsin State Bar Id# 1070811

Bjork Law, SC
E7818 County Rd E
Menomonie, WI 54751
john@bjorklawoffice.com
Tel. 715-497-8220
Fax. 888-647-1663